Defendent seeks interlocutory review of the trial judge’s order of November 26,1980, denying consolidation of these related cases but setting them for consecutive trial back-to-back in the same city. The trial judge has not certified the case under Rule 53(c)(2)(ii). Plaintiffs in No. 228-79T oppose review; plaintiff in No. 449-80T has not responded.
These are two separate but related tax refund suits arising from assessments against plaintiffs as responsible officers of Stardust Enterprises, Inc., which failed to pay federal withholding and F.I.C.A. taxes in 1975 and 1976. Though the cases both relate to Stardust they involve different counsel for plaintiffs and different, although *626 related, defenses. Defendant asked the trial judge (to whom both cases were assigned) to consolidate the cases but he refused, citing the differences in plaintiffs’ counsel and in the defenses, as well as the continued need for individual consideration of the respective defenses of issues. However, the trial judge scheduled the trials of both cases before him in San Diego, California, the cases to be tried consecutively and back-to-back. Defendant’s request for review contends that, despite the order for consecutive trials back-to-backs, the refusal to consolidate manifests extraordinary circumstances indicating irreparable injury to defendant and a manifest waste of resources.
We do not believe that the circumstances presented by the trial judge’s order fall within Rule 53(c)(2)(ii), and accordingly they do not merit interlocutory review at this time. Trial proceedings of this character are normally within the trial judge’s discretion. Moreover, we do not see in the trial judge’s scheduling of the trials any irreparable injury to defendant or any manifest or significant waste of resources. The trial judge’s order minimizes any inconvenience, if there be any, and also reflects his judgment that separate trials would be preferable. If it should turn out, contrary to our expectations, that there is some lasting significant prejudice to defendant, that matter can be raised before the court at the time of final disposition.
it is therefore ordered that interlocutory review is denied as beyond the confines of Rule 53(c)(2)(ii).